```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

```
CAROL HAYS,                        )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )
                                   )   No.: 2:10-CV-02142-JPM-cgc
CONFERENCE TECHNOLOGIES            )
INCORPORATED, and JOHN HOLLAND,    )
                                   )
     Defendants.                   )
```

**ORDER DISMISSING PLAINTIFF'S FMLA CLAIM AND
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Carol Hays's Motion to Remand (Docket Entry ("D.E.") 16), filed March 29, 2010. Defendants filed their response in opposition to the motion on April 21, 2010. (D.E. 24.) For the following reasons, Plaintiff's motion is GRANTED.

I.   **Background**

On January 21, 2010, Plaintiff filed her Complaint in the Chancery Court of Shelby County, Tennessee for the Thirtieth District alleging Defendants violated the Tennessee Human Rights Act ("THRA"), the Family Medical Leave Act ("FMLA"), and that Defendants were liable for the state law claims of breach of contract and conversion of personal property. (Compl. (D.E. 1 Ex. A) ¶¶ 33-34.) On February 26, 2010, Defendants removed the

instant case to this Court pursuant to 28 U.S.C. § 1441.[1] (Notice of Removal (D.E. 1) ¶ 6.)

On March 29, 2010, Plaintiff filed Notice of Voluntary Dismissal giving notice of her intention to dismiss her FMLA claims. Accordingly, Plaintiff's FMLA claims are DISMISSED WITH PREJUDICE. Because the Court has dismissed all claims over which it had original jurisdiction, Plaintiff requests that the Court remand the case to Shelby County Chancery Court.

## II. Analysis

28 U.S.C. § 1367 provides, in pertinent part: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The district court should consider such factors as comity, judicial economy, convenience, and fairness in deciding whether to exercise jurisdiction over pendant state law claims, as well as the avoidance of unnecessarily deciding state law." Fossyl v. Milligan, 317 F. App'x 467, 473 (6th Cir. 2009) (citing Pinney Dock & Transp. Co. v. Penn Cent. Corp., 196 F.3d 617, 620-21 (6th Cir. 1999)). In consideration of these factors, the Sixth Circuit recently noted that "when the federal-law claims have dropped out of the

---

[1] This Court had original jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2

lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)) (internal quotation marks omitted); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("As a rule of thumb, . . . the Gibbs dictum remains valid.  When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing state law claims, or remanding them to state court if the action was removed.").

In the instant case, Plaintiff's complaint was filed in state court on January 21, 2010, less than four months ago.  The case was not removed to this Court until February 26, 2010. Defendants have stated that although their first set of discovery requests have been served upon Plaintiff, Plaintiff has yet to respond.[2]  (Defs.' Resp. to Pl.'s Mot. to Remand at 2.)  The Court finds that this case is in the early stages of litigation.  Because only state-law claims remain before the

---

[2]   There is no evidence that the time period to respond to Defendants' discovery requests has expired.

3

Court, this case is remanded to state court where it was originally filed.  Cf. Fossyl, 317 F. App'x at 473 (finding that the district court did not err in deciding to exercise supplemental jurisdiction over state-law claims because the case had been pending for five years and the trial was scheduled to begin two weeks after the federal claims were dismissed); Francis v. Marshall, No. 07-240-ART, 2010 WL 437157, at *12 (E.D. Ky. Feb. 2, 2010) (deciding to exercise supplemental jurisdiction over state-law claims after dismissing federal claims because "case ha[d] been pending for over two years, the discovery deadline ha[d] passed, and the [c]ourt was familiar with the issues in the case.").

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED.

SO ORDERED this 28th day of April, 2010.

/s/ JON PHIPPS MCCALLA
CHIEF UNITED STATES DISTRICT JUDGE